11/4/2025 1:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 107645654
By: Monica Jackson
Filed: 11/4/2025 1:18 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **YANNICK AKAMBA EBO,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **UBER TECHNOLOGIES, INC.** | § | |
| **AND RASIER, LLC,** *Defendants* | § | **HARRIS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Yannick Akamba Ebo, Plaintiff, complaining of **UBER TECHNOLOGIES, INC, AND RAISER, LLC,** Defendants, and files this Original Petition, and for cause of action would respectfully show the Court the following:

**I.**

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.4.

**II.    PARTIES AND SERVICE**

2. Plaintiff, Yannick Akamba Ebo is an individual residing in Harris County, Texas.

3. Defendant Uber Technologies, Inc. is a foreign for-profit corporation organized under the laws of Delaware, with its principal place of business in San Francisco, California. It may be served with process by serving its registered agent, CT Coporaation at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201, or wherever they may be found. **A citation is requested at this time**

4.  Defendant Rasier, LLC is a Delaware limited liability company, with its principal place of business in San Francisco, California. It may be served with process by serving its registered agent, CT Coporaation at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201, or wherever they may be found. **A citation is requested at this time**

### III.    JURISDICTION AND VENUE

5.  This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court. Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and judgment for all other relief to which Plaintiffs is entitled

6.  Venue is proper in Harris County, Texas under Texas Civil Practice & Remedies Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in this county.

### IV.  MISNOMER/ALTER EGO

7.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parities are/were " alter egos" of parties named herein. Alternatively, Plaintiff contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### V.    FACTUAL BACKGROUND

8.  On or about October 25, 2023, Plaintiff was working as a driver using the Uber platform, logged into the Uber application, and transporting or en route to

2

transport passengers when he was involved in a serious motor vehicle collision in Harris County, Texas.

9. At the time of the incident, Plaintiff was acting in the course and scope of his duties for Uber.

10. Plaintiff sustained serious and permanent bodily injuries as a direct and proximate result of the collision, requiring medical care and resulting in lost wages and other damages.

11. Uber, through its related entities including Rasier, LLC, required Plaintiff to perform his work under their control and direction but failed to provide coverage under the Texas Workers' Compensation Act. Instead, Uber elected to operate as a nonsubscriber employer under Texas law.

12. Uber represented that occupational accident insurance ('Partner Injury Protection') was available to provide coverage for medical expenses and disability benefits. However, coverage was wrongfully delayed, denied, or restricted in a manner inconsistent with Uber's obligations and representations to its drivers.

## VI.    CAUSE OF ACTION: NEGLIGENCE

13. Because Defendants are nonsubscribers to the Texas Workers' Compensation Act, they are subject to liability under Texas Labor Code §406.033 for negligence causing injury to employees.

14. Defendants were negligent in the following respects, among others:

   a) Failing to provide a safe workplace;

   b) Failing to implement proper safety policies and procedures for drivers;

    c)  Failing to provide adequate training and supervision;

    d)  Failing to provide necessary equipment and resources;

    e)   Other acts and omissions revealed in discovery.

15. As a proximate result of Defendants' negligence, Plaintiff suffered severe injuries and damages.

## BREACH OF CONTRACT / INSURANCE BAD FAITH

17. Defendants, through Rasier, LLC and Uber Technologies, Inc., promised to provide occupational accident coverage to drivers injured while working on the Uber platform. Plaintiff was a third-party beneficiary of that agreement and policy.

18. Defendants breached that agreement by:

    a)   Failing to honor the terms of occupational accident coverage;

    b)  Wrongfully denying, delaying, or underpaying benefits;

    c)   Failing to act in good faith in the processing of Plaintiff's claim.

19. Alternatively, to the extent that Defendants arranged for occupational accident coverage through an insurance carrier, Defendants acted in bad faith by interfering with or preventing Plaintiff from receiving the coverage promised.

20. As a direct and proximate result of Defendants' breaches and bad-faith conduct, Plaintiff has suffered economic loss, unpaid medical expenses, lost wages, and other damages.

21. Defendants' actions were intentional, knowing, malicious, and/or in reckless disregard of Plaintiff's rights, such that exemplary damages should be awarded to deter and punish this conduct.

## DAMAGES

22. Plaintiff seeks the following categories of damages recoverable under Texas law:

    a)  Past and future medical expenses;

    b)  Past and future lost wages and loss of earning capacity;

    c)  Past and future physical pain and suffering;

    d)  Past and future mental anguish;

    e)  Past and future physical impairment;

    f)  Past and future disfigurement;

    g)  Contractual benefits owed under occupational accident coverage;

    h)  Additional damages for Defendants' bad-faith conduct;

    i)  Exemplary damages for willful and reckless misconduct.

23. Plaintiff seeks recovery in an amount within the jurisdictional limits of this Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Yannick Akamba Ebo respectfully prays that Defendants Uber Technologies, Inc. and Rasier, LLC be cited to appear and answer herein, and that upon final trial, Plaintiff recover judgment against Defendants, jointly and severally, for: All actual damages as pled herein;  Contractual and policy benefits owed;  Extra-contractual damages for bad faith, if applicable; Exemplary

damages; Pre-judgment and post-judgment interest as allowed by law; Costs of court; and

All other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ Ogochukwu Ebede

Ogochukwu Ebede
State Bar No.: 24103571
Ebede Law Firm PLLC
7322 Southwest Freeway, Suite 660
Houston, Texas 77074
Tel: 713-993-6510
Fax: 832-827-3882
oebede@ebedelaw.com

ATTORNEY FOR PLAINTIFF